UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRIAN EINES,)
)
Petitioner,)
)
vs.) No. 1:16-cv-01857-LJM-DML
)
WENDY KNIGHT,)
)
Respondent.)

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Brian Eines for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC-16-01-0262. For the reasons explained in this Entry, Eines' habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,*

418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On January 29, 2016, Correctional Officer Ross issued a Report of Conduct charging Eines with threatening in violation of Code B-213. The Report of Conduct states:

> On 01/29/2016 at approx. 3:40 am, I, Ofc. A. Ross, was asked by Offender Brian Eines, DOC #988189, 10B-2B, to go to medical because his hands and feet were swollen. After looking at his hands, they did not appear to be swollen. I told Offender Eines he was not going to medical and to return to work. At that point, Offender Eines began to become irate and start to cuss at me. I few minutes later, I entered the small side of the chow hall to turn on the lights. I noticed Offender Eines standing in the corner with his arms crossed. I asked him if he was going to work. He told me, "Fuck off. Mind your own business." I asked him again if he was going to work and if he was not, he was going to be sent back to the house. Offender Eines continued to cuss at me, at which point, I told him to turn around and cuff up. Offender Eines then turned around and reared up as if he was going to start swinging at me. I then proceeded to call for the yard. I opened the door to the kitchen and escorted Offender Eines out. I told Offender Eines to face the wall and put his hands behind his back and cuff up. Offender Eines complied with all of my orders. Mechanical restraints were placed on him and escorted to A-unit.

Dkt. 8-1. Eines was notified of the charge on January 29, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Eines requested the video of the incident. The report of disciplinary hearing video evidence review states that allowing the offender to view video recorded evidence would jeopardize the safety and/or security of the facility. The video is summarized as follows:

> I Officer E. Fonseca reviewed the camera for CIC 16-01-0262. I observed Officer A. Ross attempting to restrain Offender Eines, Brian 988189 with mechanical restraints hand cuffs at 03:49:29 am. Offender Eines 988189 then pulls away with his left arm aggressively swings it towards the Officer, like he is going to smack him in the face. Offender Eines walks away from

2

Officer toward the Kitchen side door and walks out of view of the camera at 3:59:56 am.

Dkt. 8-3.

The Hearing Officer conducted a disciplinary hearing on February 2, 2016. The Hearing Officer noted Eines' statement that the "It did not happen how I seen it. I seen his hand try to grab me. I moved my hand away I told him you don't have to put your hands on me." Dkt. 8-4. Considering the staff report and the physical evidence, the Hearing Officer determined that Eines violated Code B-213. In doing so, the Hearing Officer stated, "Offender Eines 988189 was cussing at Officer Ross. He was given a[n] order to cuff up. Offender Eines 988189 turned around in a[n] aggressive manner where he was about to hit the officer. Video evidence of incident." *Id.* The sanctions imposed included a written reprimand, a loss of phone and commissary privileges, 45 days of disciplinary segregation (suspended), and the deprivation of 30 days of earned credit time The Hearing Officer imposed the sanctions because of the seriousness, frequency, and nature of the offense, the degree to which a violation disrupted or endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Eines filed an appeal to the Facility Head. The appeal was denied on February 19, 2016. Eines then appealed to the Final Review Authority, who denied the appeal on March 11, 2016.

### C. Analysis

Eines argues that he is entitled to relief in this action for three reasons. First, he was denied access to video evidence necessary to prepare his defense. Second, he was

denied review of the video evidence to challenge the accuracy of the hearing officer's review on appeal. Third, his actions did not support the threatening conviction.

As a preliminary matter, this court independently reviewed the video. The video shows Eines moving his arm as if he intends to strike the officer and then Eines takes a quick step forward and shrugs his shoulders at the officer in a threatening manner. The video does not show Officer Ross attempting to assault Eines. Thus, Eines' statement that the video shows that he was simply moving his hand to avoid being assaulted by Officer Ross, dkt [1] at 4, is rejected.

### 1. **Video Review**

Eines claims he was improperly denied access to the video because he was not permitted to view it. No relief is warranted on this basis. The failure to disclose the video to Eines in the circumstances here was not improper. The video shows, not only that a camera exists, but it shows the camera angles (including any blind spots) and the quality of the recording. These facts are properly considered confidential for the safety and security of the offenders and the facility. As such, having the Hearing Officer review the video without showing it to Eines did not constitute a due process violation. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) (prison officials were not required to disclose evidence that would "entail a security risk"); *Piggie v. Cotton*, 344 F.3d 674, 678–79 (7th Cir. 2003) (prisons are permitted to deny requests for evidence that threaten institutional goals or safety); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (where video was viewed by the decision-maker, inmate's right to exculpatory evidence was not violated).

In addition, Eines argues that had he been allowed to view the video with the hearing officer he could have explained what his hand motion meant. Eines states that he would have explained that he was not moving his hand as if he were going to smack officer Ross but instead "was actually pointing to a nearby coat rack." Dkt. 16 at 3. This suggestion is simply not supported by the video. No reasonable interpretation of the recording would support the claim that Eines was pointing to a coat rack.

### 2. **Administrative Appeals**

Eines argues that he requested and was denied an independent review of the video evidence during the appeals process. There is no due process safeguard requiring the Facility Head and Final Review Authority to personally review every piece of evidence that was considered during the disciplinary hearing. *Wolff* identified rights related to the disciplinary hearing itself, but it did not provide for any procedural rights on appeal, nor even for a right to appeal at all. The Seventh Circuit has explained that *Wolff* set the limits of due process in prison disciplinary cases and they should not be expanded. *See White,* 266 F.3d at 768.

### 3. **Sufficiency of the Evidence**

Finally, Eines challenges the sufficiency of the evidence. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the conduct report and video evidence that Eines threatened Officer Ross. Eines claims that he was not a threat to Officer Ross and he was only responding to Officer Ross' physical force against him. Officer Ross' account of

the incident was clearly set forth in the Conduct Report and indicated that Eines became irate and began to cuss at him when he told Eines he would have to return to work. When Officer Ross told him to turn around and cuff up, Eines turned around and moved his arm like he was going to hit Officer Ross. This interaction is depicted on the security video, and Eines' arm motion is clearly visible.

This evidence is more than sufficient to satisfy the "some evidence" standard that Eines threatened Officer Ross in violation of Code B-213. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Eines to the relief he seeks.

Accordingly, Eines' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/28/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

BRIAN EINES
988189
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064